UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81071-MC-COHN

DAVID DINH,

      Plaintiff, Judgment Creditor,

vs.

MOTORCARS OF DISTINCTION, INC.,
PIERO NAVARRO and CHRISTINE
NAVARRO

      Defendants/Judgment Debtors,
and

NATIONAL CITY BANK,

      Garnishee.

_____/

**ORDER DIRECTING DEFENDANTS AND/OR GARNISHEE TO CLARIFY
INCONSISTENCIES IN RECORD REGARDING OWNERSHIP OF ACCOUNTS**

_____THIS CAUSE is before the Court upon Plaintiff's Supplemental Response to

Defendants' Emergency Motion to Dissolve Third Writ of Garnishment [DE 42] and

Defendants' Amended Response thereto [DE 43/44].  The Court has carefully

considered the filings and entire record in this case, and is otherwise fully advised in

this matter.

      The Court was prepared to rule early this morning on the pending Emergency

Motion to Dissolve Third Writ of Garnishment.  However, Plaintiff's supplemental

response, filed late yesterday afternoon, raised the issue that the Garnishee Bank's

latest Answer to the pending writ only listed the corporate debtor, Motorcars of

Distinction, as the owner of the bank accounts subject to the writ of garnishment [DE 34].

This Answer also specifically stated that the Bank was not indebted to either individual

defendant, Piero Navarro and Christine Navarro.[1]

In its Response, filed this morning, Defendants lash out in bold print at Plaintiff for allegedly misrepresenting the record, relying solely upon the Garnishee's prior Answer in this case, which listed multiple owners of the various bank accounts at issue [DE 14]. Defendants ignore the recently filed Answer to the Third Writ.

The Court is left with a confused record and a new legal question.  The account numbers in the latest Answer match the ones from the prior Answer.[2]  Did the Garnishee simply use a truncated list of the owners of the bank accounts in its latest Answer?  Or did the account ownership change in the intervening five weeks between the answers?  If so, would that matter?  If Defendant Piero Navarro is entitled to the head of household exemption for his wages for labor or services, could that exemption extend to funds in a solely corporate account?

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendants and/or the Garnishee shall clarify the ownership of the accounts contained in the latest Answer [DE 34] by 10:00am on Thursday, September 17, 2009;

2.    Defendants shall respond to the Court's legal question regarding a corporate

---

[1]  Although the argument raised by Plaintiff was not made at the hearing held yesterday on this matter, the Court will allow this supplemental response because the emergency motion itself was filed less than one week ago, on September 9, 2009, and the Garnishee's new Answer was only filed on September 8, 2009.

[2]  The Court notes that one account in the names of Christina A. Lamphere-Nava and Piero L. Navarro was dropped from the latest Answer.  No party has ever clarified whether Christina Lamphere-Nava is the same person as Christina Piero.

account by 5:00pm on Thursday, September 17, 2009.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 15th day of September, 2009.

JAMES I. COHN
United States District Judge

copies to:
counsel of record as listed on CM/ECF

3