UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81071-MC-COHN

DAVID DINH,

    Plaintiff, Judgment Creditor,

vs.

MOTORCARS OF DISTINCTION, INC.,
PIERO NAVARRO and CHRISTINE
NAVARRO

    Defendants/Judgment Debtors,
and

NATIONAL CITY BANK,

    Garnishee.
_____/

## ORDER GRANTING MOTION TO DISSOLVE THIRD WRIT

THIS CAUSE is before the Court upon Defendants' Emergency Motion to Dissolve Third Writ of Garnishment and Motion for Sanctions [DE 38]. The Court has carefully considered the Motion, Plaintiff's Response [DE 40], Plaintiff's Supplemental Response [DE 42], Defendants' Amended Response [DE 44], Defendants' Response to the Court's Order for Clarification [DE 49], Plaintiff's Reply thereto [DE 51], Defendants' Rebuttal to this Reply [DE 52], the Garnishee's Notice of Clarification of Answer [DE 53], the argument of counsel at a hearing held on the Motion to Dissolve Writ, and is otherwise full advised in this matter.

I. BACKGROUND

Plaintiff obtained a default judgment for $2.1 million in the United States District Court for the Central District of California on March 16, 2009, against Defendants

Motorcars of Distinction, Inc., Piero Navarro, and Christine Navarro.  Plaintiff registered that judgment in this District on July 23, 2009 [DE 1].  Plaintiff obtained filed Writs of Garnishment (and then Amended Writs of Garnishment).  National City Bank ("Bank" or "Garnishee") filed an Answer to the writs indicating that it holds six different accounts (one may be personal accounts of Christina and Piero Navarro) with a total of $288,160 [DE 14].  One account in particular has $251,806.85, which is titled to Motorcars of Distinction, Enrico Torres, Piero Navarro and Christina Lamphere-Nava.

On August 10, 2009, Defendants moved to dissolve the initial writs of garnishment, asserting that Plaintiff failed to comply with all the procedural requirements of service of the writs upon Defendants.  Plaintiff responded to this argument by asserting that counsel reviewed the mailing logs at his firm and found that first class mailings were made to Plaintiffs.  In reply, Defendant states that this is an unsworn allegation.  Plaintiff then filed a Certificate of Service on August 15, 2009 [DE 20], which appears to resolve the service issue.

In the first motion to dissolve [DE 16], Defendants also raised substantive defenses to the writs.  One of Defendants' arguments is that the account with a balance of $251,806.85 is merely held in trust by Piero Navarro "as the deposit on the contingent sale of a vehicle for one Nir Shalit, in the amount of $223,997.81."  Affidavit of Piero Navarro, § 2 [DE 16-2].  Mr. Navarro further avers that he is only the trustee of the funds.

Defendants' second exemption argument is that he "is entitled to claim the exemption for head of family as defined by the applicable Florida Statute."  Plaintiff

2

again asserts that Defendants have failed to meet their burden of showing the amount of his wages and what portion of the funds identified by the Garnishee represents those wages.  Plaintiff argues that even if some exemption applies, it does not provide a basis to dissolve the Amended Writ in its entirety.

On August 17, 2009, Defendant filed a second motion to dissolve the amended writs focused again on the procedural missteps of Plaintiff.  Defendants argue that upon filing of Piero Navarro's affidavit claiming head of household exemption on August 10, 2009, Fla. Stat. § 222.12 requires a garnishor (Plaintiff) to deny by affidavit, within two business days, such an exemption.  However, it was not until nine business days later, on August 21, 2009, that counsel for Plaintiff filed an opposing affidavit [DE 24-2] which simply "re-affirm[ed]" the representations of fact made in Plaintiff's prior Response in opposition to Defendant's Motion to Dissolve Writs of Garnishment [DE 17] (affidavit attached to opposition to second motion to dissolve writs of garnishment).

On August 19, 2009, the Court set a hearing for September 4, 2009, on the motions to dissolve the writs of garnishment [DE 23].  On September 3, 2009, Plaintiff obtained a third writ of garnishment in order to cure any procedural problems [DE 36/37]. The third writ was filed under seal, as Plaintiff's intent was to serve the new writ upon the Bank prior to the dissolution of the prior writs.   After Plaintiff confirmed the writs were served, he consented to Defendants' motions to dissolve the prior writs [DE 29]. Defendants did not oppose the motion (they were not yet aware of the third writ), and the Court dissolved the writs and canceled the hearing [DE 30].  Upon learning of the new writs, Defendants filed the present motion to dissolve on September 9, 2009 [DE 38].

Following the hearing held by the Court on September 14, 2009 [DE 41], Plaintiff filed a supplemental response asserting that the Garnishee's second Answer indicated that the funds in question were held in corporate bank accounts of Defendant Motorcars, and that the Bank did not owe any funds to individual defendants. The Court directed the parties and the Bank to clarify whether the funds could still be considered part of an exemption. This supplemental briefing was concluded on September 18, 2009.

## II.  DISCUSSION

### A.  Writ of Garnishment

Pursuant to Federal Rule of Civil Procedure 69, federal courts are to follow state law with regard to garnishment procedures. See Great American Insurance Co. v. General Contractors & Construction Management, Inc., 2008 WL 5056526 (Nov. 21, 2008 S.D.Fla.) (M.J. Simonton).  Defendants assert that under Florida law, a judgment creditor cannot ignore the requirement to file an affidavit denying Plaintiff's head of household exemption and obtain a new writ.[1]  Defendants argue that after two business days, the failure to oppose the head of household exemption by affidavit results in the writ dissolving by operation of law and a cessation of all proceedings under the writ without opportunity to cure any procedural shortcomings.  Miami Herald Pub. Co. v.

---

[1] Defendants do not raise their prior trust exemption argument that under Florida law creditors of a trustee cannot attach trust property to pay the trustee's debts. Tillman v. Taylor, 128 So. 846 (Fla. 1930).  The Court in Tillman held that a creditor's interest in a garnished account cannot exceed that of the debtor.  The Court held that the creditor's interest in the funds in question were not greater than the person to whom the debtor was to pay the proceeds of the particular transaction.  In opposition to this argument, Plaintiff asserts that Defendants have not satisfied their burden to show that the money really is held in trust.  Plaintiff believes that Defendants are operating a "Ponzi-like scheme," because Plaintiff had paid Defendant a deposit of $1.5 million over one year ago, resulting in the judgment that began this garnishment case.

Payne, 358 So.2d 541, 542-43 (Fla. 1978); Hill v. Haywood, 735 So.2d 539, 540 (Fla.Dist.Ct.App. 1999); Reichenbach v. Chemical Bank, 623 So.2d 577 (Fla. Dist. Ct. App. 1993); Elvine v. Public Finance Co., 196 So.2d 25 (Fla.Dist.Ct.App. 1967). Defendants also correctly assert that these cases state that the Fla. Stat. § 222.12 exemption must be strictly construed in favor of the debtor.

In Reichenbach, a bank obtained a writ of garnishment against the Miami Dolphins to garnish the wages of Jon Reichenbach. The debtor moved to dissolve the writ based upon the head of household exemption and that the garnished funds were his wages. Two and a half months later, the bank had still failed to respond to the affidavit. The state court granted the motion to dissolve and enjoined further proceedings. Reichenbach, 623 So.2d at 578. The Bank then moved for rehearing alleging the debtor was no longer employed by the Dolphins. The state trial court granted the motion for rehearing and entered a second writ. The Dolphins answered the second writ by stating they were still holding the funds from the first writ and that the player was no longer employed. The court denied the renewed motion to dissolve, and entered judgment for the Bank. The Florida appellate court reversed the judgment, concluding that because the Bank never filed an opposing affidavit to the head of household exemption and the first writ was dissolved, the trial court was without authority to enter the second writ under Fla. Stat. §§ 222.11 and 222.12. Id. at 578-79.

In Elvine, the Third District Court of Appeal reversed entry of a default judgment wherein the debtor had filed a motion to dissolve the writ with a head of household exemption affidavit prior to entry of the default judgment. 196 So.2d at 25-26. The court

5

held because the affidavit of exemption was not denied under oath, the writ should have been dissolved.

Although there are factual distinctions between this case and the cited caselaw, it is apparent that Florida law provides special protection for debtors who file head of household exemptions. There appears no case law to support Plaintiff's otherwise reasonable request to allow him to pursue a third writ after consenting to dissolution of the initial writs without conceding the exemption.[2] In addition, Plaintiff presents no case law preventing a debtor to claim an exemption in funds held in a corporate bank account, if those funds are asserted by affidavit to be wages or payment for services of a head of household.

There appears no dispute that Plaintiff has failed to strictly comply with the Fla. Stat. § 222.12 requirement for Plaintiff to deny by affidavit within two days the facts set forth in the affidavit of the debtor that he is a head of household and the funds at issue are due for personal labor and services. Thus, Plaintiff cannot seek an additional writ because his failure to timely deny by affidavit this exemption means the facts of the exemption affidavit are admitted. Hill, 735 So.2d at 540. If a plaintiff were allowed to just dissolve the existing writ and obtain a new writ, then the statutory purpose behind the short deadline would have no force behind it. The Court will therefore grant the motion to dissolve the writ.

---

[2] Plaintiff does assert that both Great American Insurance Co., 2008 WL 5056526 and Miami Herald, 358 So.2d at 543, imply that such procedural maneuvering is an available option, though the language in both cases is not part of their holdings.

## B.  Motion for Sanctions

Defendants seek sanctions against Plaintiff's counsel under Rule 11 because he knowingly sought a new writ when the claim of exemption as to the prior writ was still pending.  Defendants allege that Plaintiff's counsel "called the undersigned and represented that the garnishment proceedings would cease when counsel for the Plaintiff had already caused a Third Writ to be improperly issued."  Plaintiff denies stating that garnishment proceedings would cease, but only that he would not oppose the then pending motion to dissolve.  Plaintiff's written notice of consent to the prior motion expressly did not concede the underlying issue of exemption.

The Court concludes that no sanctions are appropriate in this case.  As mentioned above, it would seem reasonable to allow a judgment creditor to cure any procedural shortcomings in an attempt to garnish funds to pay a judgment.  In this case, Florida law does in fact prohibit such a cure.  However, Plaintiff's counsel's actions are not sanctionable in this case.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Emergency Motion to Dissolve Third Writ of Garnishment and Motion for Sanctions [DE 38] is hereby **GRANTED**;

2. The Writ of Garnishment unsealed at DE 37 is hereby dissolved;

3. Counsel for the Garnishee is entitled to the statutory fee;

4. The Clerk may close this case for statistical purposes, pending any further

attempts to pursue the registered foreign judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of September, 2009.

_____
JAMES I. COHN
United States District Judge

copies to:

counsel of record as listed on CM/ECF